On Application for Rehearing.
PER CURIAM.
Both the plaintiff and the defendant Fakouri have filed applications for rehearing, both of which question solely the amount of damages awarded by our original decree.
The defendant Fakouri correctly points out that a mathematical error was made by us in subtracting $765 (the estimated cost to plaintiff of producing the rice crop) from $1,224 (the portion of the gross sales price which plaintiff would receive upon sale of the rice). Through clerical error we found that this difference (the net price of the crop to be received by plantiff) was $¿59, whereas the correct net figure is $459. Accordingly, the defendant is entitled to have our original decree amended by reducing the total award to plaintiff (which included this award for loss of the crop) from $¿>42' to $¿42.
On the other hand, the plaintiff Tate urges that our award of damages to him' was insufficient.
It is first contended that the plaintiff is entitled to have his award based upon a loss of the rice crop for 29]^ acres instead of *471 17 acres. This argument is based upon the circumstance that subsequent to the lease the governmental rice allotment for the place was increased from 17 to 29^ acres. (Tr. 34-5; 115 ; 151.) However, the plaintiff himself admitted that his bargain with the defendant was for the latter to furnish him an allotment for 17 acres only. (Tr. 47).
It is next contended that we incorrectly concluded that the drying and storage costs of marketing the rice were $2.40 per barrel, whereas the invoice in the record shows that such costs were only $0.65 per barrel (P-1). Reference to such invoice, however, shows that the latter figure was merely for drying costs; it apparently does not include storage costs. The uncontradicted evidence in the record, therefore, is that drier and storage costs averaged $2.40 per barrel. (Tr. 159.) Storage costs, so far as the record reveals, were a necessary incident of the marketing of the rice crop in question. (Tr. 155, 159).
Plaintiff finally contends that he is entitled to at least a nominal award for his plowing and fencing costs. As stated in our original opinion, however, such costs were allocatable to the expense of making the crop and of being afforded pasturage under the lease, and we feel that our award to the plaintiff for the loss of profits under the lease has compensated him for such expenses incurred in the preparations for making the crop and exercising pasturage privileges under the lease.
For the reasons aforestated, our original decree herein is amended so as to reduce the award to plaintiff from $842 to $642, plus legal interest and costs. Because we .are hereby amending the decree to the prejudice of the plaintiff, and since the evidence in the record concerning quantum is •confusing and conflicting, we are reserving unto plaintiff the right to apply for a further rehearing, limited solely to the question of the correct amount of the damages sustained by the plaintiff as a result of the defendant’s breach of his lease obligations.
As amended, our original decree is reinstated, and both applications for rehearing are denied. The right of plaintiff to apply for a further rehearing as to quantum is reserved.